UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V. CAUSE NO. 3:26-CR-47-HTW-ASH-1

GUILLERMO PEREZ

ORDER

On August 20, 2026, the Government filed a motion for the issuance of a subpoena that will direct the recipient to produce data and other objects in advance of trial. Mot. [27]. Having considered the motion, applicable legal authority, and the subpoena provided to the Court, the Court finds the motion is well-taken and should be granted.

I. Facts and Procedural History

Defendant Guillermo Perez was indicted on May 19, 2026, on two felony offenses. The indictment details the charges and states that the Defendant is also known as G Mo and Certified Goon. Trial was originally set for August 3, 2026, but the Court continued it to October 5, 2026, on Defendant's unopposed Motion to Continue. Order [23].

The Government seeks to prove the Defendant conspired with others to airdrop contraband into the Yazoo City Federal Correctional Complex. The Government claims it will do this, in part, with Facebook records associated with the username "Gmo Perez" that has a profile picture that is supposedly a photo of the Defendant. Mot. [27] at 2. The Government wishes to subpoena Facebook's owner and operator, Meta Platforms, Inc., to obtain an enumerated list of

data associated with the Gmo Perez account.[1] The Government claims this data will corroborate Perez's identity as G Mo. In addition to requesting that this Court direct Meta to produce the records within 14 days, the Government also requests that the Government and the Defendant receive the response to the subpoena simultaneously.

The Defendant opposes the Government's motion, but his argument goes only to the scope of the subpoena. He claims that some of the information the Government seeks—credit card information and recent activity—is irrelevant to the Government's stated purpose in issuing the subpoena. Specifically, the Defendant argues the requested credit card information is immaterial to the question of *who* created the Gmo Perez account and that the recent activity (login/logout dates and IP addresses from the last 30 days) is irrelevant to the charged offense for conduct in 2022. Resp. [30].

In its reply, the Government emphasizes the broad definition of relevance under the Federal Rules of Evidence. In short, the Government argues that saved credit card details and information about the when and where of recent logins to the account are relevant to show that Defendant is the user of the Gmo Perez Facebook account and that he still uses it. Reply [31].

## II. Analysis

Federal Rule of Criminal Procedure 17(c) governs the process by which a court can issue a subpoena before trial. Rule 17(c)(1) states:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the

[1] The Government's complete list includes: ID number, name, email address(es), phone numbers, credit card information, account creation date, the IP address associated with account creation, any login/logout dates within the previous 30 days, and the IP addresses associated with the aforementioned recent logins/logouts.

> items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). The party seeking the issuance of a subpoena pursuant to Rule 17(c) must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 699–700 (1974).

To require production, the Government "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Id.* at 700. "The specificity and relevance elements require more than the title of a document and conjecture as to its contents." *United States v. Carriles*, 263 F.R.D. 400, 402 (W.D. Tex. 2009) (quoting *United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992)). "If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought, but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." *Id.* (citing *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991)). For example, "[r]equesting entire files instead of specific documents is indicative of a fishing expedition." *Id.* (citation omitted).

As the Government points out in its reply, relevance under the Federal Rules of Evidence is low bar. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The data at issue here—the credit card information and the login/logout dates and IP addresses from the last 30 days—does appear to be relevant to the Defendant's identity. A credit card in the Defendant's name associated with the Gmo Perez

account would tend to show the Defendant is also known as G Mo. And evidence linking the Defendant to a recent IP address of a login/logout of the Gmo Perez username would tend to show the Defendant uses that account. And, as the Government explains, evidence showing the Defendant has recently logged in to the account would be relevant to whether he uses the account and the alias "G Mo." The Defendant's argument that present ownership would not be indicative of ownership in 2022 (the time frame of the charged offense) goes to the weight of the evidence rather than whether it is relevant at all. Both categories of data meet the threshold relevance standard.

The Defendant does not challenge the other two hurdles of admissibility or specificity. But the Court finds that the Government has met its burden at this stage. As to admissibility, it points to the business records exception to the hearsay rule. And as to specificity, the Government has not requested Meta's entire file for the Gmo Perez account. *See Carriles*, 263 F.R.D. at 405 (finding subpoena permissible where it "specifie[d] a limited set of original recordings, known to exist, of a specific content, involving known participants during a delineated time frame"); *see also Nixon*, 418 U.S. at 700 (holding Watergate special prosecutor could subpoena the audio recordings because he had presented sworn testimony of participants in the conversations or had proffered sufficient information to "permit a rational inference that at least part of the conversations relate to the offenses charged in the indictment"). Rather, it has requested specific and narrow categories of information and articulated a basis for the information's relevance.

The Government has shown—at least at this stage[2]—that the data is relevant, not otherwise procurable, important for trial preparations, and specific enough to prevent a "fishing expedition." That showing is sufficient to require production of the requested material pursuant to Rule 17(c).

III. Conclusion

The Court has considered all arguments. Any not directly addressed would not have changed the outcome. For the foregoing reasons, the Court grants the Government's motion for and will direct issuance of the subpoena.

IT IS, THEREFORE, ORDERED that the Government's motion for issuance of a subpoena [Dkt. 27] is granted.

IT IS FURTHER ORDERED that the Government shall submit to the Clerk of Court a completed subpoena that is substantively identical to the form subpoena attached at Docket 27-2, but that the subpoena shall be returnable to counsel for the Government and require Meta's compliance within 14 days of service of the subpoena.

IT IS FURTHER ORDERED that the Clerk of Court shall issue the subpoena submitted by the Government in accordance with this Order.

IT IS FURTHER ORDERED that, upon receipt, the Government shall promptly serve copies of the subpoenaed items on counsel for the Defendant and the Court and file a notice confirming receipt and service.

---

[2] This order does not prejudice Meta from filing a motion seeking relief from the subpoena. *See* Fed. R. Crim. P. 17(c)(2).

**SO ORDERED AND ADJUDGED** this the 10th day of September, 2026.

s/ *Andrew S. Harris*

UNITED STATES MAGISTRATE JUDGE